RAIDEN, MICHAEL E., Associate Judge.
 

 The Florida Department of Revenue (hereafter “DOR”) appeals a partial final summary judgment entered against it and on behalf of Appellee Catalina Marketing Corporation and Subsidiaries (“Catalina”). Because we conclude that the circuit court erred in determining that the applicable statute of limitations barred DOR from seeking to recoup a tax refund, we reverse and remand for further proceedings.
 

 This controversy arises from Catalina’s corporate income tax returns for fiscal years 1995 through 1999. The exact nature of the underlying dispute is not material to the issue on appeal. It is not entirely clear from the record when Catalina’s initial returns were filed, but the parties agree that DOR conducted an audit of those returns “[djuring the years 2000 through 2002.”
 

 During this audit period (specifically, in 2001), Catalina filed amended returns for the same fiscal years. The main difference between the original and amended returns was that in the amended returns, Catalina claimed entitlement to a refund in excess of $1 million. In 2002, DOR paid what it describes as a “tentative refund” of this amount.
 

 In March, 2002, DOR served Catalina with a document entitled “Notice of Proposed Assessment and Notice of Proposed Refund Denial,” which indicated Catalina owed an additional forty-seven thousand
 
 *1030
 
 dollars for years 1996 through 1998.
 
 [1]
 
 In May, Catalina sent a letter intended to invoke its right to the administrative review procedures authorized by section 220.717, Florida Statutes (2001). Section 220.717 describes this initial remedy as a “protest of proposed assessment.” Upon the filing of a protest, DOR is then to review the protest and, if it disagrees with the protest, issue a “Notice of Decision.”
 
 See
 
 Rule 12-6.003(3)(b), F.A.C.
 

 In the present case, DOR issued its Notice of Decision in November, 2002. Catalina was entitled to, and did, move for reconsideration.
 
 See
 
 R. 12-6003(4)(a), F.A.C. When reconsideration was denied in June, 2003, Catalina was authorized to, and did, file suit in circuit court.
 

 Then, in September, 2003, DOR sent Catalina a document that referred to itself as a “bill.” More specifically, this document demanded repayment of the previously-refunded $1 million within thirty days to avoid “further agency enforcement action.” After explaining why “the taxpayer was not entitled to a refund of Florida corporate income tax,” the document informed Catalina of its right to file a written protest within sixty days, that the refund denial would “become final” if it did not do so, and that once administrative avenues were exhausted, Catalina would have the option of an action in circuit court or an administrative hearing under chapter 120.
 

 Upon receipt of this document, Catalina, instead of pursuing administrative remedies, obtained the consent of DOR to amend its existing circuit court complaint to include the refund issue. Then, once the three-year limitations period prescribed by section 95.091(3)(a), Florida Statutes (2001), had expired, Catalina moved for and obtained summary judgment in the circuit court, claiming that it had never received proper notice that the Department was rejecting its claim for a refund of $1 million. It is with this contention that we disagree.
 

 On appeal, DOR has taken the position that this so-called “bill” observed adequate compliance with the notice requirements of section 220.711. We agree. To explain our conclusion, some overview of the statutory framework is necessary. The term “assessment” is of primary relevance to DOR’s authority to demand interest and/or penalties when taxes are not timely paid.
 
 See Florida Export Tobacco Co., Inc. v. Dept. of Revenue,
 
 510 So.2d 936, 942 (Fla. 1st DCA 1987). However, the term “assessment” is also used in connection with taxpayers’ rights to administrative and, later, judicial review. Under section 220.703(1), state taxes are deemed “assessed” on the date a tax return is filed. If the taxpayer files a timely return
 
 and
 
 submits the correct payment, there are no adverse consequences. The assessment date becomes significant only if payment does not accompany the return (sometimes the taxpayer permits DOR to calculate the tax) or if DOR (as in this case) disagrees
 
 *1031
 
 with the tax computation and challenges it.
 
 [2]
 

 Section 220.709(1) encourages DOR to examine tax returns promptly in order to determine their accuracy. If it perceives that the amount of tax is less than correct, it is to issue the taxpayer a notice of deficiency “setting forth the amount of additional tax and any penalties proposed to be assessed.” This is what DOR did with respect to Catalina in March, 2002. Section 220.711 sets forth the requirements for what a notice of deficiency must contain. The “bill” submitted in September, 2003, while not employing the caption “notice of deficiency,” nevertheless complies with section 220.711. Once the taxpayer has received such a notice, it has sixty days within which to file a written protest.
 
 See
 
 § 220.717(1). As stated above, this was the intent of Catalina’s May, 2002, letter. With regard to the “bill,” however, although Catalina was similarly advised of this right, it did not file a protest pursuant to section 220.717.
 

 In its brief, Catalina acknowledges that the procedures for contesting refunds and refund denials are “virtually identical” to disputes over whether adequate taxes have been paid. First, the Florida Administrative Code appears to allow for certain informal “conferences” upon request by a taxpayer, but otherwise DOR issues a “notice of proposed refund denial.” Some confusion may be caused by the wording of section 220.709(3), which says “[a]n erroneous refund shall be considered deficiency of tax
 
 on the date made
 
 and shall be collected as provided in [the assessment statute].” (emphasis added). Arguably, “the date made” is the date when DOR paid out the refund it later sought to recover (what DOR calls the “pay and chase” procedure). The refund at issue here was paid in installments, the latest of which occurred in August or September 2002. This is one possible explanation why DOR sent its “bill” separate and apart from its earlier notice of deficiency, which Catalina had received well before the last refund payment. Even if this is so, however, DOR’s position — that a “bill” is equivalent with a notice of deficiency — does not change. On the first page of the September, 2003, notice, Catalina is informed of its right to “file a written protest ... ■within sixty days,” which is the procedure called for under section 220.717(1) after a notice of deficiency has been received. We do not believe that Catalina was justified in expecting DOR to follow the Administrative Code’s procedure for ordinary bills, which, as will be explained below, should not contain this sixty-day language.
 

 Catalina attempts to circumvent section 220.711 by arguing that “bills” are something totally separate and apart from notices of deficiency and are handled in an entirely different fashion. Catalina describes the procedure for “the issuance and protest of bills” as follows: (a) A bill is sent; (b) The taxpayer has
 
 tiventy
 
 days to request a conference; (c) If the taxpayer does not, or the conference does not turn out in the taxpayer’s favor, DOR
 
 then
 
 sends a “proposed assessment,” which can be appealed administratively and, failing that, sued over in court.
 
 See
 
 Rules 12-6.0023(1), 12-6.0023(4), and 12-6.0033(3)(b), F.A.C.
 

 It is this second “notice” that Catalina claims DOR never sent. As we have explained, we conclude otherwise, but we also find a separate, legitimate reason for DOR not to have filed a second notice, even if it were required to do so. As
 
 *1032
 
 noted, Catalina, rather than pursue administrative remedies it likely knew would be rejected, immediately removed the issue to circuit court. The fact that DOR acquiesced in Catalina’s decision rather than insist on administrative action is afforded less significance by Catalina than we choose to give it.
 

 In sum, regardless of whether DOR’s original March, 2002, document could have helped clear up the timeliness and notice questions, its omission from the record is not fatal to DOR’s case. If, as section 220.709(3) implies, DOR’s “pay and chase” procedure is encouraged by statute, then any notice of proposed refund denial entered
 
 before
 
 the refund was actually paid might be considered immaterial, and DOR might then be obligated to send another notice of deficiency
 
 after
 
 paying the refund. In any event, we find that the September, 2003, “bill” sent to Catalina complied with the requirements for a notice of deficiency as set forth in section 220.711.
 

 We believe that the issue of Catalina’s entitlement to a refund should be determined on its merits. We accordingly reverse and remand this case to the circuit court for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 FULMER and KELLY, JJ., Concur.
 

 [1]
 

 . We know this only because Catalina's letter of May 14, 2002, acknowledges receipt of the same. The March document itself is not in the appellate record and does not appear to have been provided to the circuit court either. While Catalina’s May, 2002 letter refers to both an “assessment of corporate income tax in the amount of $44,888 (plus interest)" and “the associated corporate income tax refund denial in the amount of $955,425 (plus interest),” amounts which are similar to those currently in controversy, Catalina appears to take the position that its alleged underpayment of taxes and DOR's present demand for repayment of the refund are wholly separate administrative proceedings. Without the original DOR document on record we are unable to know whether DOR was referring to the same refund denial that prompted the lawsuit, summary judgment, and this appeal.
 

 [2]
 

 . All the relevant statutes make exception for "mathematical error.” Because the present case is a dispute over the methodology by which Catalina’s tax obligation was calculated, any errors would be more than merely mathematical.